UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXFORD GLOBAL RESOURCES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ONPOINT HEALTHCARE SOLUTIONS, INC., a California corporation, et al.,<br><br>Defendant. | Case No.: 18cv425-WQH(BLM)<br><br>**ORDER GRANTING SECOND STIPULATION TO EXTEND DISCOVERY AND RELATED DATES**<br><br>**[ECF No. 35]** |

On November 13, 2018, the parties filed a joint stipulation requesting the Court to extend discovery cutoff and related dates for a second time.[1] ECF No. 35. The parties seek to extend the deadlines for (1) fact discovery from November 16, 2018 to February 14, 2019, and (2) the remaining and corresponding dates as necessary. Id. at 2. The parties state they are mindful of the Court's prior Order, which denied the ninety day request and granted a thirty day extension instead. Id. However, the parties contend that "[p]erhaps unwisely, [they] did not anticipate that their prior stipulated request for a 90-day extension . . . would be rejected given the relative youth of this 2018 case," and "did not outline for the Court in detail the numerous

---

[1] On October 1, 2018, the parties filed a joint stipulation to extend discovery cutoff dates, specifically requesting a ninety day extension for the fact discovery deadline. ECF No. 32. The parties failed to establish good cause for a ninety day extension, but the Court granted a thirty day extension based on defense counsel's schedule and resources. ECF No. 34 at 2.

1

additional reasons" necessitating a ninety day extension. Id. at 2–3. The parties state that "while [they] appreciate the Court's brief extension to November 16, 2018 . . . most of this extension was comprised of counsel's jury trial" making coordinated discovery and deposition efforts "largely impossible." Id. at 9.

The parties seek the extension for the following reasons:

> [T]o (1) allow all parties to complete all necessary discovery, including several depositions and production of voluminous ESI records from both sides, (2) allow for proper coordination of the dates and deadlines in this action with the corresponding JAMS arbitration action involving identical parties and issues which has a March 31, 2019 discovery cutoff and a May 6 final hearing date, (3) allow the Parties to continue their current exploration of resolving the matter through private mediation without needless expenditure of costs and judicial resources, and (4) avoid the extreme prejudice, burden, and expense to all parties and counsel that would result if forced to comply with the currently pending November 16, 2018 discovery cutoff.

Id. at 2. In support, the parties contend had they "[a]nticipated the substantial amount of ESI to be collected, reviewed, catalogued, and produced in this matter," they "would have proposed a far-longer discovery period of approximately one year or more in their initial joint scheduling report . . . ." Id. at 8. In addition, the parties argue that despite due diligence and good faith efforts:

> [C]ertain key witnesses have been unavailable for depositions, numerous document discovery remains to be conducted, third-party deponents have objected to subpoena and document requests, a corresponding JAMS action is ongoing concerning nearly identical issues, Defendants counsel has spent the majority of the brief first extension in a lengthy and unavoidable trial (and was thus unable to devote substantial time or resources to this matter) and extensive additional meet and confer is needed before written and oral discovery can be completed. Additionally, Plaintiff's counsel also now has a jury trial pending in Orange County Superior Court . . . set to begin on December 3, 2018.

Id. at 8–9. Furthermore, the parties claim that throughout the first four months of the case, they "were engaged in extensive Injunction Motion briefing and JAMS pleading concerns and initial matters . . . and the initial discovery window was exceptionally small for a case involving several parties, and several gigabytes of electronic trade secret and email correspondence data." Id. at 5. The parties explain that between

2

April and May 2018, they researched, briefed, and prepared for the Court to hear Plaintiff's motion for preliminary injunction. Id. at 3; see also ECF Nos. 13, 16, and 17. The parties further argue that "[h]ad the Injunction Motion been granted . . . a concurrent arbitration against [certain] OnPoint employees may not have been necessary." Id. at 4. When the injunction was denied, "Oxford was forced to alter its litigation and discovery strategy, initiate arbitration, and coordinate an information exchange on identical claims and issues in two separate forums." Id. at 4. During this time, the parties "also continued to meet and confer on discovery issues, confidentiality concerns, and ESI protocol," and "submitted their proposed joint motion for protective order" for the same. Id. at 3.

The parties contend that an extension will allow them "to focus on their currently proposed private mediation in December without unnecessary expense of time, money, and judicial resources." Id. at 10. Finally, the parties argue they "will be severely prejudiced if they are not afforded adequate time to propound all necessary discovery, take depositions of relevant witnesses" and consult with experts. Id. at 9.

Despite the parties' lack of diligence, the Court will grant one last continuance. The Court grants the parties' motion as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Fact Discovery | November 16, 2018 | February 14, 2019 |
| Expert Reports | December 7, 2018 | March 8, 2019 |
| Rebuttal Expert Reports | December 28, 2018 | March 29, 2019 |
| Rule 26(a)(2)(A) and (B) Disclosures | December 7, 2018 | March 8, 2019 |
| Supplemental Disclosures | December 28, 2018 | March 29, 2019 |
| Expert Discovery | January 18, 2019 | April 19, 2019 |
| Dispositive Motions | January 30, 2019 | May 1, 2019 |
| Fed. R. Civ. P. 26(a)(3) Requirements | April 22, 2019 | July 22, 2019 |
| Local Rule 16.1(f)(4) Meeting | April 29, 2019 | July 29, 2019 |
| Draft Pretrial Order | May 6, 2019 | August 5, 2019 |

| Proposed Final Pretrial Conference Order & Objections to Pretrial Disclosures | May 13, 2019 | August 12, 2019 |
|---|---|---|
| Pretrial Conference | May 17, 2019 at 11:00 a.m. | August 16, 2019 at 11:00 a.m. |

All other guidelines and requirements shall remain as previously set. See ECF No. 15.

**IT IS SO ORDERED**.

Dated: 11/15/2018

Hon. Barbara L. Major
United States Magistrate Judge